## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

IGOR DECASTRO                                                                    PLAINTIFF

v.                                          Case No. 4:21-cv-01194-KGB

BANK OZK, *et al.*                                                            DEFENDANTS

## <u>ORDER</u>

Before the Court is separate defendant Bank OZK's motion to interplead funds and for dismissal of Bank OZK (Dkt. No. 26).  Also before the Court are defendant James Arthur's motion and amended motion to dismiss and request for transfer of the case to the United States District Court for the Western District of Arkansas (Dkt. Nos. 16; 25).  For the reasons set forth below, the Court grants Bank OZK's motion to interplead funds and for dismissal and grants Dr. Arthur's request for transfer of the case to the United States District Court for the Western District of Arkansas (Dkt. Nos. 16; 25; 26).  The Court orders the Clerk of the Court not to terminate the remainder Dr. Arthur's motion to dismiss (Dkt. No. 25).  The Court denies as moot Bank OZK's motion to dismiss, Bank OZK's motion to dismiss amended complaint, and Dr. Decastro's unopposed motion to extend time to respond to Bank OZK's motion to dismiss (Dkt. Nos. 6; 8; 10).

### I.    Background

Plaintiff Igor Decastro[1] alleges that he was employed by defendant Hot Springs Neurosurgery, P.A.[2] ("HSN") as a neurosurgeon in 2010 and left his employment with HSN in

---

[1]    In his motion, Dr. Arthur refers to the plaintiff as "Dr. DeCastro."  The Court will, however, spell Dr. Decastro's name as he spells it in his complaint.

[2]    Dr. Arthur refers to named defendant "Hot Springs Neurosurgery Clinic, P.A." as Hot Springs Neurosurgery, P.A.  Because, according to Dr. Arthur, he is the sole owner of Hot Springs Neurosurgery, P.A., the Court will refer to it by its proper name in this Order (Dkt. No. 16, ¶ 3).

2017 (Dkt. No. 9, ¶ 3).  Dr. Decastro is a resident of the State of Georgia (Dkt. No. 9, ¶ 1).  Dr. Arthur is a physician and resident of Garland County, Arkansas, and has been for 30 years (Dkt. No. 16, ¶ 2).  He formerly practiced medicine in association with Dr. Decastro in Garland County, Arkansas (*Id.*).  HSN was an Arkansas professional association organized and operated by Dr. Arthur in Garland County, Arkansas, where its only place of business was located (Dkt. Nos. 9, ¶ 1; 16, ¶ 3).

Dr. Decastro contends that there is a secret bank account at Bank OZK and that money in the account belongs to him (Dkt. No. 9, ¶ 10).  Dr. Decastro states that "Bank OZK may claim an interest in this money, but Plaintiff's interest is superior to Bank OZK's interest in that money." (*Id.*, ¶ 11).  Dr. Decastro asserts claims for an accounting and for breach of contract and a declaratory judgment that he is the lawful owner of the funds held in the account located at Bank OZK (*Id.*, ¶¶ 13-21).  Dr. Decastro asserts that the funds are located in an account held at Bank OZK in Pulaski County, Arkansas (*Id.*, ¶ 21).

## II.    Bank OZK's Motion To Interplead Funds And For Dismissal

In its motion to interplead funds and for dismissal, Bank OZK maintains that it is named as a defendant in this action only because it holds an account ("the Account") in the name of Hot Springs Neurosurgery Clinic, P.A. (the "Clinic") (*Id.*, ¶ 2).  At the time the motion to interplead funds was filed, the Account had a balance of $281, 925.86 (*Id.*).  Bank OZK maintains that Dr. Decastro and Dr. Arthur claim interest in the Account (*Id.*, ¶ 3).  Bank OZK asserts that it is unable to determine the rights of the parties to the Account and it is thereby at risk of multiple liability due to the parties' competing claims (*Id.*).  Moreover, Bank OZK states that it disclaims any

---

The Court notes, as Dr. Arthur does in his motion, that Dr. Arthur dissolved Hot Springs Neurosurgery, P.A., in 2019.

interest in the Account (*Id*., ¶ 4).  Bank OZK maintains that interpleader under Federal Rule of Civil Procedure 22 is necessary in order to ensure that the money in the Account is paid to the proper person or entity as determined by the Court and so that Bank OZK can avoid being subject to multiple liability (*Id*. ¶ 5).  Bank OZK seeks leave under Rule 22 to interplead the $281,925.86 from the Account into this Court's registry so that the disposition of these funds may be decided by the Court (*Id*., ¶ 6).

Bank OZK also seeks dismissal from the lawsuit after it deposits the funds with the registry of the Court because it is a disinterested party (Dkt. No. 26, ¶ 7).  Bank OZK maintains that after it has deposited the funds with the Court its dismissal is appropriate because it has no interest in the lawsuit (Dkt. No. 27, at 3 (citing *Vikings Ins. Co. of Wisconsin v. Kemp*, Case No. 3:12-cv-00216-KGB, 2013 WL 6780571, at *3 (E.D. Ark. Dec. 19, 2013) ("When the stakeholder does not assert a claim to the stake, the stakeholder should be dismissed immediately following its deposit of the stake into the registry of the court.") (citation omitted); *Regions Bank v. Lamb*, Case No. 4:16-cv-00078-SWW, 2016 WL 4707995, at * 1 (E.D. Ark. Sept. 8, 2016) (dismissing depository bank over objection of a defendant where bank asserted no claim to the funds and complete relief could be afforded without participation of bank)).

Dr. Decastro has responded to Bank OZK's motion to interplead funds and for dismissal of Bank OZK and states that he has no objection to Bank OZK interpleading the funds contained in the Account held by Bank OZK but asks that the Court deny all other relief sought (Dkt. No. 32).  Dr. Arthur has not responded to the motion, and the time for doing so has passed.

In the parties' joint Federal Rule of Civil Procedure 26(f) report, the parties acknowledge that Bank OZK has requested an order permitting it to interplead the account funds by depositing them in the registry of the Court, and the parties state that "[t]he other parties do not oppose the

request." (Dkt. No. 34, ¶ 7).  The parties do not, however, address Bank OZK's request to be dismissed from the lawsuit after depositing the funds with the registry of the Court.

Federal Rule of Civil Procedure 22 states that persons "with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead . . . ."  Fed. R. Civ. P. 22(a)(1).  Bank OZK has established that it has no interest in the funds that it holds and that at least two other parties to this lawsuit claim the funds, placing it at risk of multiple liability.  Accordingly, the Court grants Bank OZK's motion to interplead the funds (Dkt. No. 26).  Bank OZK shall deposit the $281,925.86 into this Court's registry as set forth in Rule 67 of the Federal Rules of Civil Procedure.

Because the Court finds that interpleader is appropriate, because Bank OZK asserts that it no longer has an interest in the lawsuit, and because the participating parties have not challenged Bank OZK's assertion with respect to an interest in the lawsuit, the Court grants Bank OZK's motion to be dismissed from the lawsuit after it interpleads the funds into the registry of the Court. The Court denies as moot Bank OZK's motion to dismiss, Bank OZK's motion to dismiss amended complaint, and Dr. Decastro's unopposed motion to extend time to respond to Bank OZK's motion to dismiss (Dkt. Nos. 6; 8; 10).

### III.   Dr. Arthur's Motion And Amended Motion To Dismiss And Request For Transfer Of The Case To The Western District

Also before the Court are Dr. Arthur's motion and amended motion to dismiss and request for transfer of the case to the United States District Court for the Western District of Arkansas

(Dkt. Nos. 16; 25).[3]  In this Order, the Court will only address that portion of Dr. Arthur's motion and amended motion to dismiss that seeks transfer of this case to the Western District of Arkansas.

Dr. Arthur asserts that because he is a resident of Garland County, Arkansas; HSN was organized and operated in Garland County, Arkansas; and the events giving rise to the complaint took place in Garland County, Arkansas, Dr. Decastro's only basis for venue in the Eastern District of Arkansas is his assertion of a secret bank account located at Bank OZK headquartered in Pulaski County, Arkansas (Dkt. Nos. 16, ¶ 5; 25, ¶ 5).  Dr. Arthur denies the existence of a secret bank account and states that he has only used Bank OZK services in Garland County, Arkansas (Dkt. Nos. 16, ¶ 6; 25, ¶ 6).  Additionally, Dr. Arthur maintains that, to the extent Dr. Decastro is basing venue on Bank OZK holding funds in the Account to which Dr. Decastro and Dr. Arthur both have asserted claims, the basis for venue "will be destroyed as soon as this Court grants Bank OZK's interpleader request." (Dkt. No. 25, ¶ 14).

As set forth above, the Court grants Bank OZK's interpleader request and its motion for dismissal from the lawsuit.  Because the Court grants Bank OZK's motion to interplead funds and for dismissal, the Court concludes venue is no longer appropriate in the Eastern District of Arkansas but properly lies in the United States District Court for the Western District of Arkansas. 28 U.S.C. § 1391(b).  Accordingly, the Court finds that the interests of justice would best be served by transferring this case to the United States District Court for the Western District of Arkansas. 28 U.S.C. § 1406(a).  *See* 28 U.S.C. § 1391(b).  The Court grants Dr. Arthur's motion to transfer but does not rule on the remainder of the issues raised in Dr. Arthur's motion and amended motion

---

[3]  Dr. Arthur requested that this matter be transferred to the Western District of Arkansas in his motion to dismiss, and he raised the issue of venue in his answer (Dkt. Nos. 16, at 2; 20, at 2).

to dismiss. The Clerk of the Court is instructed not to terminate the motion and amended motion to dismiss (Dkt. Nos. 16; 25).

It is therefore ordered that the Clerk of the Court is directed to transfer immediately Dr. Arthur's entire case file to the United States District Court for the Western District of Arkansas.

IV.     **Conclusion**

It is therefore ordered that:

1.     The Court denies as moot Bank OZK's motion to dismiss, Bank OZK's motion to dismiss amended complaint, and Dr. Decastro's unopposed motion to extend time to respond to Bank OZK's motion to dismiss (Dkt. Nos. 6; 8; 10).

2.     The Court grants Bank OZK's motion to interplead funds and for dismissal of Bank OZK (Dkt. No. 26).  Bank OZK shall deposit the $281,925.86 into this Court's registry as set forth in Rule 67 of the Federal Rules of Civil Procedure and after interpleading the funds Bank OZK is dismissed from this lawsuit.

3.     The Court grants Dr. Arthur's motion to transfer this case to the United States District Court for the Western District of Arkansas, but the Court does not rule on the other grounds for dismissal raised in Dr. Arthur's motion and amended motion to dismiss and the Clerk of the Court is instructed not to terminate the motion and amended motion to dismiss (Dkt. Nos. 16; 25).

4.     The Clerk of the Court is directed to transfer immediately Dr. Arthur's entire case file to the United States District Court for the Western District of Arkansas.

So ordered this the 6th day of September, 2022.

Kristine G. Baker
United States District Judge

6